# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2014-0226, <u>Kulick's, Inc. v. Town of Winchester</u>, the court on March 16, 2015, issued the following order:**

Having considered the briefs, the parties' supplemental memoranda addressing jurisdiction, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). Because we conclude that the trial court lacked jurisdiction over the case, we vacate its order and remand.

The petitioner, Kulick's Inc. (abutter), appeals an order of the Superior Court (<u>Kissinger</u>, J.) affirming a decision by the planning board (board) of the respondent, the Town of Winchester (town), conditionally approving a site plan submitted by the intervenor, S.S. Baker's Realty Co., LLC (applicant). We conclude that the board's approval was not final because it was subject to the unfulfilled condition precedent that the applicant "[i]nstall [and] abide by the stormwater runoff erosion [and] sedimentation regulations" (regulations) and, therefore, that the superior court lacked jurisdiction to review it. <u>See</u> <u>Sklar Realty v. Town of Merrimack</u>, 125 N.H. 321, 327 (1984).

The town and applicant concede that the condition that the applicant comply with the regulations is a condition precedent. However, they argue that it is "ministerial" because it does not require "further discretionary action" by the planning board. The abutter likewise acknowledges that "a decision that would only require the further ministerial function of the planning board can be construed as a final decision." The town and the applicant contend that this condition is governed by RSA 676:4, I(i) (Supp. 2014), which provides that a site plan approval conditioned upon "approvals granted by other boards or agencies" "shall become final without further public hearing, upon . . . evidence . . . of satisfactory compliance with the conditions imposed." They argue that, as a result, in this case "although the condition precedent is not yet fulfilled, it is capable of being fulfilled, and under these unique circumstances the planning board's decision should be treated as final for the purposes of this appeal."

However, the town and applicant have not demonstrated that the planning board's function regarding compliance with the regulations is purely ministerial. The abutter argues that "review of a stormwater plan and adoption or rejection of the recommendations of the conservation commission can only be construed as an exercise of discretion." The town's regulations provide that the conservation commission "shall review" an applicant's plan for complying with the regulations (stormwater plan) and "shall send a recommendation to the Planning Board

including information such as findings, compliance, concerns, etc." The regulations then provide that, upon the conservation commission's completion of its review, "the Planning Board shall approve the [stormwater plan] if it complies with these regulations or shall deny it if it is found that it does not comply."

The regulations do not specify whether the conservation commission or the board is responsible for determining whether a stormwater plan complies with the regulations. The town does not argue that the responsibility for final approval has been established by administrative gloss. Moreover, the board is authorized to "seek technical review of the [stormwater plan] . . . by a qualified professional consultant if it is determined that additional assistance is necessary," which indicates that the board is responsible for final approval of a stormwater plan.

Furthermore, regardless of whether the board's actions regarding a stormwater plan are ministerial, the town and the applicant state that, in this case, the conservation commission has not yet completed its review of the applicant's stormwater plan and that the board has not yet approved it. RSA 676:4, I(i) provides that a site plan approval subject to a condition precedent may become final, without further hearing, only upon "satisfactory compliance with the conditions imposed." If the conservation commission or the board were to conclude that the applicant's stormwater plan did not comply with the regulations, then the appeal of the applicant's site plan would be moot. Therefore, the requirement that the applicant comply with the regulations is an unfulfilled condition precedent, and, as a result, the superior court lacked jurisdiction to consider the appeal of the board's conditional decision. See Sklar, 125 N.H. at 327.

To the extent that the abutter invites us "to consider the appeal to be an equitable action such as a declaratory judgment or a writ of certiorari" to address "whether the planning board had subject matter jurisdiction to review the 'new plan' in the first instance," we decline to do so. Cf. In re Guardianship of Luong, 157 N.H. 429, 436 (2008) (holding equity jurisdiction cannot be used to circumvent statute placing responsibility of drafting estate plan upon guardian).

To the extent that the town and the applicant invite us to "stay[ ] the pending appeal so the Conservation Commission may complete its review" of the stormwater plan, we note that final approval by the board while the case was pending before the superior court might have given that court jurisdiction. See Sklar, 125 N.H. at 328. However, because the superior court never acquired jurisdiction, its order is void, and we have no authority to take any action beyond declaring it so. See Daine v. Daine, 157 N.H. 426, 428 (2008) (stating if trial

2

court lacked jurisdiction, its decision is void, and appellate tribunal acquires no jurisdiction of merits upon appeal).  Nor can we address the town and applicant's argument that the board had the authority to make its decision conditional.  <u>See id</u>.

Therefore, we vacate the trial court's order and remand with instructions to dismiss the appeal and remand the matter to the board.

<u>Vacated and remanded</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**