OPINION OF THE COURT
Arthur J. Doran, Jr., J.
Respondent, Stephen Giuffrida, moves this court pursuant to *64 CPLR 3211 for an order dismissing this summary proceeding on the ground that the court lacks subject matter jurisdiction. Petitioner, John Giuffrida, instituted this proceeding against respondent, his son, seeking to evict him from premises known as 70 Massitoa Drive, Yonkers, asserting that respondent is a "licensee/occupant, paying no rent and having no tenancy rights”. In addition to the immediate eviction of respondent, petitioner seeks a monetary judgment for damages to the premises allegedly caused by respondent, together with costs and counsel fees. The novel issue presented by the instant motion is whether a legally emancipated son, occupying premises co-owned by his parents, with the permission of his mother, may be the subject of a summary "licensee” proceeding pursuant to RPAPL 713 (7), instituted against him by his father.
The dispositive facts are undisputed. Respondent, the 22-year-old son of petitioner and Beatrice Giuffrida, currently resides in the subject premises together with his mother, Beatrice Giuffrida, by her invitation. Petitioner and Beatrice Giuffrida are husband and wife, and are the co-owners of the subject premises. Significantly, petitioner has been removed from the premises pursuant to an order of protection issued by the Family Court of Westchester County on behalf of Beatrice Giuffrida.* The order of protection directs petitioner to remain away from the home of Beatrice Giuffrida.
Also, on July 24, 1996, petitioner commenced a divorce proceeding against Beatrice Giuffrida, which is presently pending in the Supreme Court, Westchester County. Recently, Beatrice Giuffrida filed a motion in the Supreme Court matrimonial action seeking pendente lite relief, including an order granting her the right to the exclusive possession of the subject premises.
In the instant motion to dismiss, respondent argues that this landlord/tenant court does not have jurisdiction to determine his right as a family member to reside in the subject premises and that this issue must be resolved in the Family Court and Supreme Court actions presently pending. In support of his motion, respondent submits the affidavit of his mother, Beatrice Giuffrida, wherein she asserts that she, co-owner of the premises, invited respondent to live there with her and that, thus, respondent’s right to occupy the premises flows directly *65 from his relationship with her, and not by virtue of any license or agreement with petitioner.
In opposition to the motion, petitioner argues that issues presently pending before Family Court and Supreme Court pertain to his relationship with his wife, Beatrice Giuffrida, and are not relevant to this summary proceeding to recover possession of property from respondent, his adult son. Petitioner further contends that even though he is currently not in physical possession of the premises, he, as a co-owner of the premises, has a right to determine who may reside there. He also asserts that he may prosecute this case as a co-owner without joining his wife as a necessary party.
Generally, one of two co-owners may maintain a summary proceeding without joining the other co-owner. (See, Martin v Shields, 285 App Div 106 [3d Dept 1954].) However, in order for this court to have subject matter jurisdiction, there must be statutory authority for petitioner to bring the summary proceeding in the first instance. It is well settled that summary proceedings are creations of statute and that, therefore, there must be strict adherence to the governing statutory provisions. (Zenila Realty Corp. v Masterandrea, 123 Misc 2d 1 [Civ Ct, NY County 1984].)
RPAPL 713 enumerates the specific instances where a summary proceeding may be maintained even though no landlord-tenant relationship exists between the parties. It is beyond dispute that there is no landlord-tenant relationship between the parties here. Indeed, in the petition itself, petitioner characterizes respondent as a "licensee”. Thus, the court must determine whether respondent is in fact a "licensee” within the purview of RPAPL 713.
RPAPL 713 (7), the statutory provision creating the summary "licensee” proceeding, provides:
"A special proceeding may be maintained under this article after a ten-day notice to quit has been served upon the respondent in the manner prescribed in section 735, upon the following grounds:
"(7) He is a licensee of the person entitled to possession of the property at the time of the license, and (a) his license has expired, or (b) his license has been revoked by the licensor, or (c) the licensor is no longer entitled to possession of the property”.
A "licensee” is defined as "one who enters upon or occupies lands by permission, express or implied, of the owner, or under *66 a personal, revocable, nonassignable privilege from the owner, without possessing any interest in the property, and who becomes a trespasser thereon upon revocation of the permission or privilege.” (Rosenstiel v Rosenstiel, 20 AD2d 71, 76 [1st Dept 1963]; see also, Todd v Krolick, 96 AD2d 695 [3d Dept 1983].)
Applying the above-stated definition of a "licensee” to the uncontroverted facts at bar, the court finds that respondent is not a licensee, within the meaning of RPAPL 713 (7). Respondent does not occupy the premises by virtue of either an explicit or implicit agreement with petitioner. Indeed, respondent’s right to occupy the premises flows directly from his mother, Beatrice Giuffrida, co-owner of the premises, who has invited him to live with her. A husband and wife co-owning property are "tenants by the entirety”, each holding title and interest to the entire property. Both have the right of possession and upon the death of one, the survivor takes all. (Kahn v Kahn, 43 NY2d 203 [1977].) Thus, Beatrice Giuffrida, having the right of possession of the premises as a tenant by the entirety, as well as the right to remain there by virtue of the order of the Family Court, is entitled to have her son, or any other guest, reside with her. (See, Soyer v Perricone, 193 AD2d 665 [2d Dept 1993]; Matter of Berlin v Herbert, 48 Misc 2d 393 [Nassau Dist Ct 1965].) Put simply, respondent is living in the premises as an "invitee” of his mother, a status that cannot be disturbed by this court. Moreover, Beatrice Giuffrida’s rights and interests in the subject premises are not before this court and must be determined within the jurisdiction of the Supreme Court. (See, Rosensteil v Rosensteil, supra.)
As respondent is not a "licensee”, the instant proceeding does not fall within the ambit of RPAPL 713 (7). Accordingly, the court concludes that it does not have the requisite subject matter jurisdiction over this proceeding and hereby grants respondent’s motion to dismiss in its entirety.

 A temporary order of protection issued on July 31, 1996 was converted into a one year permanent order of protection on September 6, 1996. The order expires on September 6, 1997.