Littleton District Court
No. 2007-565

DANIEL DAINE

v.

LISA DAINE

Submitted: April 10, 2008
Opinion Issued: June 27, 2008

Daniel Daine, by brief, *pro se.*

Lisa Daine, by brief, *pro se.*

## MEMORANDUM OPINION

BRODERICK, C.J. The defendant, Lisa Daine, appeals an order of the Littleton District Court (*Cyr,* J.) awarding the plaintiff, Daniel Daine, approximately $3,377.00 to cover certain household expenses that were incurred between the time of the filing of a petition for divorce and the final decree. We vacate and dismiss.

The Daines divorced on February 2, 2003, pursuant to an order issued by the Littleton Family Division. During the six-month period after their separation but before the final divorce decree was issued, the defendant lived in the marital residence. During that time, the plaintiff continued to pay the mortgage, taxes and all utilities, including electricity, heating, telephone, rubbish removal, television and internet.

In 2007, the plaintiff brought a small claims action in Littleton District Court to recover amounts he paid during the pre-divorce separation. Following a hearing, the court awarded the plaintiff $3,317.61 plus his costs of $60.00. The defendant appeals, arguing that the plain language of the final divorce decree makes it clear that the plaintiff was solely responsible for the payments made and that the "Doctrine of Res Judicata, specifically collateral estoppel, should have precluded this case from being heard in Small Claims Court." We agree that the case did not belong in the Littleton District Court, but for different reasons.

■ "The court's authority in matters of marriage and divorce is strictly statutory." *Walker v. Walker,* 119 N.H. 551, 553 (1979); *see Rockwood v. Rockwood,* 105 N.H. 129, 130 (1963). Because divorce is statutory, the court has only such power in that field as is granted by statute. *Taylor v. Taylor,* 108 N.H. 193, 195 (1967). As the New Hampshire Constitution states, "All causes of marriage, divorce and alimony . . . shall be heard and tried by the superior court until the legislature shall by law make other provision." N.H. CONST. pt. II, art. 76.

■ Pursuant to RSA chapter 490-D (Supp. 2007), the legislature established the judicial branch family division. *See* RSA 490-D:1. The statute provides that jurisdiction over, *inter alia,* "[p]etitions for divorce, nullity of marriage, alimony, custody of children, support, and to establish paternity," are "exclusively exercised through the judicial branch family division as procedurally jurisdiction was previously exercised in the superior . . . court[]." RSA 490-D:2, I. Accordingly, in this state, original jurisdiction is granted to the judicial branch family division regarding divorce matters.

■ "The law is well settled that jurisdiction in divorce proceedings is a continuing one with respect to all subsequent proceedings which arise out

of the original cause of action." *Stritch v. Stritch*, 106 N.H. 409, 411 (1965) (quotation omitted). After granting a divorce, the court retains jurisdiction to "revise and modify any order made by it, . . . make such new orders as may be necessary, and . . . award costs as justice may require," RSA 458:14 (2004).

■ "[A] court lacks power to hear or determine a case concerning subject matters over which it has no jurisdiction." *In re Matheisel's Appeal*, 107 N.H. 479, 479 (1966). "The issue of subject matter jurisdiction may be raised at any time in the proceedings because it cannot be conferred where it does not already exist." *State v. Polk*, 154 N.H. 59, 59 (2006) (quotation and brackets omitted). "Thus, we may address jurisdictional issues even if they are raised for the first time on appeal, and even if they are not raised by the parties." *Id.* (citations omitted).

■■ "Consent cannot confer jurisdiction where none exists. Whenever it appears that a court has no jurisdiction of the subject-matter of the suit, the proceeding is dismissed, even if no objection is made." *Burgess v. Burgess*, 71 N.H. 293, 293 (1902). "Where the objection goes to the jurisdiction of the original tribunal over the subject-matter, the judgment is void, and the appellate tribunal acquires no jurisdiction of the merits upon appeal." *Bickford v. Franconia*, 73 N.H. 194, 196 (1905).

■ The parties' divorce decree, which contains provisions regarding allocation of debt related to the marital homestead, was issued by the Littleton Family Division, which retains continuing jurisdiction. We conclude that the district court lacked subject matter jurisdiction over this case. Therefore, we vacate the district court's order and dismiss the underlying action.

*Vacated and dismissed.*

DALIANIS, DUGGAN, GALWAY and HICKS, JJ., concurred.