NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by E-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Rockingham
No. 2014-0417


RENATO J. MALDINI

v.

HELEN G. MALDINI

Argued: May 13, 2015
Opinion Issued: September 22, 2015


Shaines & McEachern, P.A., of Portsmouth (Robert A. Shaines and Jacob J.B. Marvelley on the brief, and Mr. Marvelley orally), for the plaintiff.


McLane, Graf, Raulerson & Middleton, Professional Association, of Manchester (Peter D. Anderson and Amy M. Goodridge on the brief, and Mr. Anderson orally), for the defendant.


LYNN, J. The plaintiff, Renato J. Maldini, appeals an order of the Superior Court (Delker, J.) granting summary judgment to the defendant, Helen G. Maldini, on the plaintiff's action to enforce the divorced couple's contract regarding the allocation of joint personal income tax liability. We vacate and remand with instructions to dismiss the complaint for lack of jurisdiction.

The record supports the following facts. The parties were married in 1985, and the defendant filed for divorce in the family division in late September 2007. As relevant here, the parties filed joint personal income tax returns for the tax years 2004, 2005, and 2006, and filed separately for the tax year 2007. During their divorce mediation, the parties recognized that tax liabilities might result from returns they jointly filed while married. The parties therefore entered into a separate "side agreement" on October 6, 2008, to allocate any yet-to-be-assessed tax liabilities for their joint tax returns in the event of an audit. This agreement states, in pertinent part:

> The parties shall be equally responsible for personal tax liabilities for joint personal tax returns filed by the parties, except that Helen shall not be responsible should liability be the result of the audit of tax returns filed by Renato after January 1, 2008, in which event Renato shall be responsible for all such taxes, penalties, and interest.

The agreement was signed by the parties and their attorneys. The parties did not notify the family division about the side agreement, even though it was formed contemporaneously with the divorce proceedings, and the court thus did not consider the agreement in dividing the marital estate.

Following the parties' divorce, the plaintiff was audited and found to have a delinquent federal tax obligation in excess of $900,000. As a result, he was prosecuted criminally and pleaded guilty to multiple counts of federal tax evasion. After serving his criminal sentence, the plaintiff filed a breach of contract action in superior court seeking to enforce the parties' side agreement and recover the defendant's share of the parties' joint tax liability. In the alternative, the plaintiff sought recovery under an unjust enrichment theory. The defendant moved for summary judgment, arguing that the plain language of the agreement made the plaintiff responsible for the entire tax debt. The plaintiff objected, asserting that the agreement made the defendant liable for her equal share of the debt. After a hearing, the superior court granted the defendant's motion for summary judgment. This appeal followed.

On appeal, the plaintiff argues that: (1) the trial court erred in granting summary judgment because the language of the agreement supports his interpretation and, moreover, the audit of the joint returns was not "the result" of filing his 2007 and 2008 personal tax returns; (2) the court's assumptions about the parties' intent regarding the agreement were contradicted by the parties' own affidavits; and (3) the trial court erred in rejecting his interpretation on the basis of superfluity and the pre-existing duty rule. Prior to oral argument, we ordered the plaintiff, and invited the defendant, to submit a supplemental memorandum of law addressing whether the superior court had subject matter jurisdiction to interpret and/or enforce the parties' side agreement. The plaintiff contends that the "subject matter [of the side

agreement] likely brings it within the limited, exclusive scope of the Family Division's subject matter jurisdiction." Specifically, he observes that the agreement's "allocation of joint marital debts likely renders it marital in nature." The defendant, relying upon our decision in In the Matter of Telgener & Telgener, 148 N.H. 190 (2002), counters that the family division lacks jurisdiction to determine matters involving speculative tax liability.

Both parties' arguments require us to analyze the parameters of the family division's jurisdiction. "A court lacks power to hear or determine a case concerning subject matters over which it has no jurisdiction." In the Matter of Muller & Muller, 164 N.H. 512, 516-17 (2013) (quotation omitted). "The issue of subject matter jurisdiction may be raised at any time in the proceedings because it cannot be conferred where it does not already exist." Daine v. Daine, 157 N.H. 426, 428 (2008) (quotation omitted). "Thus, we may address jurisdictional issues even if they are raised for the first time on appeal, and even if they are not raised by the parties." Id. (quotation omitted). "The ultimate determination as to whether the trial court has jurisdiction in this case is a question of law subject to de novo review." Muller, 164 N.H. at 517 (quotation omitted).

"The family division is a court of limited jurisdiction, with exclusive power conferred by statute to decide cases in certain discrete areas, including petitions for divorce." Id. (quotation omitted). Because the powers and jurisdiction of the family division are limited to those conferred by statute, we look to the relevant statutes to determine whether the family division has exclusive subject matter jurisdiction to consider incurred, but as-yet-unassessed, personal income tax debt. See id. "When undertaking statutory interpretation, we first examine the language found in the statute and where possible, we ascribe the plain and ordinary meanings to words used." Id. (quotation omitted). "When a statute's language is plain and unambiguous, we need not look beyond it for further indications of legislative intent." Id. "Courts can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include." Id. (quotation omitted). "We interpret statutes not in isolation, but in the context of the overall statutory scheme." Id. (quotation omitted).

RSA 490-D:1 (2010) establishes the family division. "The goals of the family division are . . . the prompt and fair resolution of family issues by justices and marital masters specially selected and trained to deal effectively with such issues" and "the assignment of all family matters of a single family to one family division justice or marital master located in a family division court." RSA 490-D:1. RSA 490-D:2 (Supp. 2014) states that, "[n]otwithstanding any law to the contrary," the family division has exclusive jurisdiction over divorce. "Accordingly, in this state, original jurisdiction is granted to the judicial branch family division regarding divorce matters." Muller, 164 N.H. at 517 (quotation omitted). "Although RSA chapter 490-D expressly defines the family division's

3

jurisdiction as encompassing 'divorce' generally, the overall scheme of the relevant divorce statutes governs issues of, among other things, the division of property and orders of support." Id. at 518. "Under these statutes, the family division has the authority to value and divide marital property, including in cases where the value or ownership of the assets may be complex." Id.

RSA 458:16-a, I (2004) defines marital property as including "all tangible and intangible property and assets, real or personal, belonging to either or both parties, whether title to the property is held in the name of either or both parties." Although the statute does not explicitly define the term "marital debt," we have interpreted that term as falling within the definition of "marital property." See Muller, 164 N.H. at 518 (stating that the "division of marital debt" falls "within the statutory purview of the family division"); see also Bourdon v. Bourdon, 119 N.H. 518, 520 (1979) (finding, under prior law, that courts can apportion liability for joint debts between the divorcing parties). There is no dispute that the side agreement addresses yet-to-be assessed tax liability that was undisclosed in joint personal income tax returns that the parties filed while married. We conclude that such unpaid tax liability falls within the broad category of marital debt that the family division can properly consider when distributing the marital estate. See, e.g., In the Matter of Costa & Costa, 156 N.H. 323, 325, 329 (2007) (in divorce action, family division divided debt owed to a third party, marital home subject to outstanding mortgage, and a "hybrid retirement savings" — "retirement savings from paycheck withdrawals with an ascertainable present value, which will eventually be combined with a pension of unknown contingent value"); In the Matter of Thayer & Thayer, 146 N.H. 342, 347 (2001) (in divorce action, trial court concluded that several refinancing loans and significant credit card debt was "family debt" subject to distribution as part of the marital estate).

The defendant relies heavily upon Telgener to argue that because the tax liability at issue was "potential" and "speculative" at the time of the divorce, the family division does not have jurisdiction. But the tax issue presented in Telgener had nothing to do with the trial court's subject matter jurisdiction. Rather, the question in that case was whether the trial court had made a legal error in failing to consider the potential tax consequences to the husband of the property distribution it ordered. See In the Matter of Ball & Ball, 168 N.H. ___, ___ (Aug. 20, 2015) (discussing the difference between lack of jurisdiction and legal error). Thus, Telgener offers no support for the defendant's claim that the family division lacked jurisdiction to address the side agreement.

Given that the side agreement at issue concerned marital property, over which the family division has exclusive jurisdiction, that court — and not the superior court — remains the proper forum for addressing issues arising from the agreement. See Daine, 157 N.H. at 427-28 ("The law is well settled that jurisdiction in divorce proceedings is a continuing one with respect to all subsequent proceedings which arise out of the original cause of action."

4

(quotation omitted)); <u>see</u> <u>also</u> <u>In the Matter of Sculley & Sculley</u>, 153 N.H. 178, 181 (2006) ("Where exclusive jurisdiction is expressly conferred upon a court, no other tribunal may exercise such jurisdiction." (quotation omitted)). Because the superior court did not have jurisdiction over the side agreement, and its merits therefore are not before us, we express no opinion as to its validity or as to whether, if valid, it was proper for the parties to withhold the side agreement from the family division. We note, however, that even if the side agreement is valid and the parties acted properly in withholding it from the family division, the family division, rather than the superior court, is the proper forum for interpreting the agreement. We vacate the superior court's judgment and remand to that court for the entry of an order of dismissal for lack of jurisdiction.

<u>Vacated and remanded with directions to dismiss.</u>

DALIANIS, C.J., and HICKS, CONBOY, and BASSETT, JJ., concurred.

5