**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2016-0052, <u>In the Matter of Tina Robinton and Stephen Robinton</u>, the court on August 22, 2016, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The respondent, Stephen Robinton (husband), appeals a final order of the Circuit Court (<u>Leonard</u>, J.) in his divorce from the petitioner, Tina Jordan, f/k/a Tina Robinton (wife), dividing certain credit card debt equally between the parties and ordering him to pay his share of the property distribution within 60 days. We construe his brief to argue that: (1) he had no access to, knowledge of, or control over the credit cards at issue; (2) the wife entered the marriage with significant credit card debt; (3) the wife's employer reimbursed her for some charges to the credit cards; (4) the wife failed to apply certain tax refunds to the credit card debt; (5) certain improvements that he made to the wife's house should be set-off against the credit card debt; (6) he "does not have a good level of reading[,] writing and comprehension skills"; (7) "[t]he Judge [was] not able to hear clearly"; and (8) he is incapable of paying the property award in the time allotted.

RSA 458:16–a, II (2004) creates a presumption that equal distribution of marital property, including debt, is equitable. <u>See</u> <u>Maldini v. Maldini</u>, 168 N.H. 191, 195 (2015) (stating marital property includes marital debt). The trial judge is in the best position to evaluate the evidence, measure its persuasiveness, and assess the credibility of witnesses. <u>In the Matter of Salesky & Salesky</u>, 157 N.H. 698, 708 (2008). Thus, it is not our role to reweigh the equities in the case and divide the property accordingly. <u>In the Matter of Heinrich & Heinrich</u>, 164 N.H. 357, 365 (2012). Rather, our limited role is to determine whether the trial court's decision was a sustainable exercise of discretion. <u>In the Matter of Henry & Henry</u>, 163 N.H. 175, 183 (2012). If the trial court's findings can reasonably be made on the evidence presented, they will stand. <u>Id</u>.

As the appealing party, the husband has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's order, the husband's challenges to it, the relevant law,

and the record submitted on appeal, we conclude that the husband has not demonstrated reversible error.  See id.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,**
**Clerk**
