# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2020-0348, <u>Richard E. Clark, Esq. v. Ryan Carrier & a.</u>, the court on April 6, 2021, issued the following order:**

Having considered the brief filed by the plaintiff, Richard E. Clark, Esq., the memorandum of law filed by the defendants, Ryan R. and Katherine C. Carrier, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See Sup. Ct. R.</u> 18(1). The plaintiff appeals an order of the Superior Court (<u>Honigberg</u>, J.) awarding attorney's fees to the defendants on the ground that he acted in bad faith. We affirm.

The instant matter concerns a replevin action that the plaintiff filed against the defendants in January 2020, when he was in the midst of a contentious divorce, to recover "Lucy," one of four French Bulldogs that the plaintiff and his then-wife owned. When the divorce action was filed in May 2019, all four of the couple's dogs resided with the plaintiff's wife. The plaintiff's wife subsequently rehomed Lucy and another dog; Lucy was given to the defendants.

On October 16, 2019, the family division temporarily awarded Lucy and the other rehomed dog to the plaintiff. The plaintiff's wife moved for reconsideration, and her motion was granted. On October 31, 2019, the family division vacated its prior order awarding Lucy and the other rehomed dog to the plaintiff.

The plaintiff brought this replevin action against the defendants on January 6, 2020, to recover Lucy, alleging that he is her lawful owner. The plaintiff's superior court complaint did not mention the family court's October 31, 2019 order essentially awarding Lucy temporarily to his wife.

On January 23, 2020, the plaintiff filed an expedited motion in his divorce action, asking the family division to determine who, as between him and his wife, had a "legal interest" in Lucy. In that motion, the plaintiff argued that his wife had violated the family division's anti-hypothecation order by giving Lucy "to strangers" and averred that the family division had not yet determined whether he and/or his wife had a legal interest in Lucy. The plaintiff asked the family court to "[f]ind [that] . . . Lucy is joint marital property that both [he and his wife] have a legal interest in."

On February 12, 2020, following a February 4 hearing, the superior court dismissed the plaintiff's claims for quantum meruit, unjust enrichment, intentional infliction of emotional distress, and enhanced compensatory damages. The superior court's order dismissing those claims has not been included in the appellate record.

On February 26, 2020, the superior court dismissed the remaining claims for replevin, conversion, and joint and several liability, on the ground that because Lucy is marital property, the family division has exclusive jurisdiction to decide "[w]hether [the plaintiff or his wife] had any right to give or sell the dog to Defendants." Thereafter, the defendants sought attorney's fees. The superior court granted their request on June 18, 2020, finding that the plaintiff had acted in bad faith. The plaintiff unsuccessfully moved for reconsideration, and this appeal followed.

Although the general rule in New Hampshire is that parties pay their own attorney's fees, a prevailing party may be awarded fees pursuant to an established judicial exception to that general rule. See In the Matter of Mason & Mason, 164 N.H. 391, 398 (2012). "We have recognized exceptions where an individual is forced to seek judicial assistance to secure a clearly defined and established right if bad faith can be established; where litigation is instituted or unnecessarily prolonged through a party's oppressive, vexatious, arbitrary, capricious or bad faith conduct; as compensation for those who are forced to litigate in order to enjoy what a court has already decreed; and [as compensation] for those who are forced to litigate against an opponent whose position is patently unreasonable." Id. at 399.

Here, the trial court awarded fees because it found that the plaintiff instituted the instant litigation in bad faith. When attorneys' fees are awarded against a private party who has acted in bad faith, the purpose is to do justice and vindicate rights, as well as to discourage frivolous lawsuits. Fat Bullies Farm, LLC v. Devenport, 170 N.H. 17, 30 (2017).

We review awards of attorney's fees and costs under our unsustainable exercise of discretion standard, giving substantial deference to the trial court's decision. George v. Al Hoyt & Sons, Inc., 162 N.H. 123, 139 (2011). Our task on appeal is not to determine whether we would have found differently; rather, we determine whether a reasonable person could have found as the trial judge did. In re Adam M., 148 N.H. 83, 84 (2002). We will defer to the trial court's factual findings unless they are unsupported by the evidence or erroneous as a matter of law. N.H. Right to Life v. Dir., N.H. Charitable Trust Unit, 169 N.H. 95, 126 (2016). If there is some support in the record for the trial court's determination, we will uphold it. Fat Bullies, 170 N.H. at 30.

The trial court concluded that the plaintiff acted in bad faith, in part, because he brought this replevin action knowing that Lucy was marital

2

property and that the family division has exclusive jurisdiction to address issues related to such property and because he knew that there was pending litigation regarding Lucy in his divorce proceedings. The plaintiff claims that this conduct was not "bad faith" because the family division lacked jurisdiction to invalidate the defendants' interest in Lucy. See In the Matter of Muller & Muller, 164 N.H. 512, 518-19 (2013) (holding that the family division has no jurisdiction "to disregard or invalidate a third party's claim of interest in marital property").

We conclude that the superior court correctly decided that any question regarding the disposition of Lucy as marital property was for the family division, not the superior court. See Maldini v. Maldini, 168 N.H. 191, 195-96 (2015). In Maldini, we explained that the family division has the exclusive jurisdiction to value and divide marital property. Id. at 195. Here, Lucy constituted marital property. See RSA 458:16-a, II-a (Supp. 2020) (providing that tangible property "shall include animals" and that "the property settlement shall address the care and ownership of the parties' animals, taking into consideration the animals' well-being"). Accordingly, the family division — and not the superior court — was the proper forum for addressing issues related to the plaintiff's and his wife's interest in Lucy and whether the plaintiff's wife violated the family division's anti-hypothecation order by transferring Lucy to the defendants. See Maldini, 168 N.H. at 196. Therefore, the trial court correctly ruled that, because Lucy is marital property, the family division has exclusive jurisdiction to decide "[w]hether [the plaintiff or his wife] had any right to give or sell the dog to Defendants." See id. at 195-96.

Contrary to the plaintiff's assertions, the family division need not disregard or invalidate the defendants' interest in Lucy when it equitably divides the marital property. Rather, if it finds that the plaintiff's wife violated the anti-hypothecation order by transferring Lucy to the defendants, the family division may take that into account when deciding whether an equal division of the marital estate is equitable. See RSA 458:16-a, II(f) (2018) (allowing the family division to consider "[t]he actions of either party during the marriage which contributed to the growth or diminution in value of property owned by either or both of the parties"), II(o) (2018) (allowing the family division to take "[a]ny other factor that the court deems relevant" into account).

The trial court further found that the plaintiff acted in bad faith by being "less than forthcoming in his representations to the Court, which [resulted] in a recommendation to the New Hampshire Attorney Discipline Office." The record submitted on appeal supports that finding. The plaintiff's complaint averred that he was Lucy's legal owner and failed to mention the family division's October 31, 2019 order essentially awarding Lucy, temporarily, to his wife. Moreover, the record shows that shortly after filing his superior court action, the plaintiff filed a motion in the family division in which he acknowledged that the family division had not, in fact, determined whether he or his wife owned

3

Lucy. "[T]he trial court is in the best position to decide whether a party's claim constitutes bad faith, . . . and, given the support in the record for the trial court's conclusion, we will not second guess it." In re J.P., 173 N.H. 453, 468 (2020).

The plaintiff contends that the superior court violated his due process rights because it found that he was "less than forthcoming in his representations" to the court "before [he] was allowed any opportunity to present his case" and "after . . . only [a] brief hearing." (Bolding omitted.) As the appealing party, the plaintiff has the burden of providing this court with a record that demonstrates that he raised his appellate issues before the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). The record submitted on appeal does not demonstrate that the plaintiff argued in the superior court that the court had deprived him of due process. Although the plaintiff filed a motion for reconsideration in that court, his motion did not allege that the court had deprived him of due process. Under these circumstances, we decline to address his argument.

Nor do we exercise our discretion to address his due process argument under our plain error rule. See Sup. Ct. R. 16-A. The plaintiff's use of the phrase "plain error" in his argument heading is insufficient to develop a plain error argument for our review.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**

4