NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court.

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

Rockingham
No. 2022-0268

DAVID LOIK

v.

GLORIA LOIK

Argued: February 9, 2023
Opinion Issued: May 3, 2023

Gallant & Ervin, LLC, of Chelmsford, Massachusetts (John F. Gallant and Nancy A. Morency on the brief, and John F. Gallant orally), for the plaintiff.

Law Office of Pamela J. Khoury, of Salem (Pamela J. Khoury on the memorandum of law and orally), for the defendant.

MACDONALD, C.J. The plaintiff, David Loik, appeals an order of the Superior Court (Ruoff, J.) dismissing his petition for the partition and sale of real estate. At issue in this appeal is whether the superior court or the circuit court had subject matter jurisdiction over this matter. Because we conclude that, under the applicable statute, the circuit court and not the superior court had subject matter jurisdiction, we vacate and direct the superior court to transfer the petition to the circuit court.

I. Background

The record supports the following facts. The plaintiff and the defendant, Gloria Loik, were divorced by final decree in 2018. The final decree was drafted by both parties and adopted by the circuit court. Regarding the marital home, the parties stipulated as follows:

> The parties shall continue to own the property until such time as they agree to sell it as joint tenants with rights of survivorship. If the parties agree to sell the home, they shall equally divide any net proceeds from the sale of the house.

> Gloria shall remain in the home. David shall be responsible for the mortgage, taxes and insurance however Gloria shall be responsible for any maintenance and upkeep.

In 2021, the plaintiff moved for the circuit court to modify the divorce decree to force the sale of the former marital home. His motion came after the court had modified the parties' parenting plan to transfer primary residential responsibility to the plaintiff and vacated his obligation to pay child support.

The circuit court denied the motion to sell on the basis that it would constitute an impermissible modification of a property division, but directed the plaintiff to file a petition to partition the property in "Probate or Superior Court." Accordingly, the plaintiff filed the present petition to partition. The petition alleged that the defendant was engaging in waste of the property, and it sought both preliminary injunctive relief and partition. The defendant moved to dismiss the petition asserting, among other things, that, because the claims in the petition "relate to the property settlement of the parties' divorce proceeding" over which the circuit court has exclusive jurisdiction, the superior court did not have jurisdiction to hear the merits. Following a hearing, the superior court granted the motion. The superior court did not address the merits of the defendant's subject matter jurisdiction argument but, rather, found that, by agreeing to joint ownership of the property unless the parties agreed to sell it, the plaintiff waived his right to seek partition.

II. Analysis

On appeal, the plaintiff argues that the superior court erred in concluding that he had waived his right to seek partition. We must begin, however, with the defendant's argument that the superior court lacked jurisdiction to hear this case. "The issue of subject matter jurisdiction may be raised at any time in the proceedings because it cannot be conferred where it does not already exist." Maldini v. Maldini, 168 N.H. 191, 194 (2015) (quotation omitted). "The ultimate determination as to whether the [superior]

2

court has jurisdiction in this case is a question of law subject to de novo review." Id. (quotation omitted).

We look to the relevant statutes to answer the question whether the superior court lacked subject matter jurisdiction. When undertaking statutory interpretation, we first examine the language found in the statute and, where possible, we ascribe the plain and ordinary meanings to words used. Id. at 194-95. When a statute's language is plain and unambiguous, we need not look beyond it for further indications of legislative intent. Id. at 195. Courts can neither ignore the plain language of the legislation nor add words which the lawmakers did not see fit to include. Id. We interpret statutes not in isolation, but in the context of the overall statutory scheme. Id.

As we have previously explained, "[t]he legislature established the circuit court in 2011 by merging the former probate and district courts and the former judicial branch family division." Colburn v. Saykaly, 173 N.H. 162, 165 (2020) (quotation omitted). It conferred the jurisdiction, powers and duties of these former courts upon the circuit court, and divided the circuit court into three divisions: a probate division, a district division, and a family division. Id. "Although there remain statutory references 'to the probate or district courts or to the judicial branch family division,' those references 'shall be deemed to be to the New Hampshire circuit court where it has exclusive jurisdiction of a subject matter and to the superior court and circuit court where the circuit court has concurrent jurisdiction with the superior court.'" Id. at 166 (quoting RSA 490-F:18 (Supp. 2019)). Thus, the reference to the "probate court" in RSA 547-C:2, as set forth below, refers to the circuit court.

The superior and circuit courts share concurrent jurisdiction over petitions for partition of real estate pursuant to RSA chapter 547-C. See RSA 547:3, II(e) (Supp. 2022). RSA 547-C:2 (2019) allocates that jurisdiction as follows:

> A petition may be filed by such person in the superior or probate court in the county in which the property or any part of the property lies or is then located . . . provided, however, where there is a related pending matter in either court, jurisdiction for the related partition action shall lie with the court having jurisdiction over the underlying matter . . . .

(Emphasis added.)

Here, both at the time of the circuit court's order on the motion to sell, and at the time the plaintiff filed his partition action, there were a number of post-divorce disputes between the parties then pending in the circuit court. These disputes, including the change of primary residential responsibility as to the parties' minor children, form at least part of the basis for the plaintiff's petition for partition. We conclude that these post-divorce disputes constitute

3

"related pending matter[s]" within the meaning of RSA 547-C:2. See Daine v. Daine, 157 N.H. 426, 427-28 (2008) (explaining that "[t]he law is well settled that jurisdiction in divorce proceedings is a continuing one with respect to all subsequent proceedings which arise out of the original cause of action" and that "[a]fter granting a divorce, the court retains jurisdiction to revise and modify any order made by it, make such new orders as may be necessary, and award costs as justice may require" (quotation and ellipses omitted)). Therefore, the circuit court — rather than the superior court — had subject matter jurisdiction over the petition for partition. Consequently, because the superior court lacked subject matter jurisdiction to hear and decide this case, we vacate its decision.

We note, however, that in its order declining to require the sale of the home, the circuit court instructed the plaintiff that his "remedy [wa]s to file a Petition for Partition with the Probate or Superior Court, which is the appropriate forum [in which] to bring an equitable action." Reliance on those instructions was reasonable. Therefore, pursuant to our "general superintendence of all courts of inferior jurisdiction," RSA 490:4 (2010), we direct that, on remand, the petition be transferred to the circuit court, and we instruct that it consider the matter in the first instance.

Vacated and remanded.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

4