# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2022-0686, <u>In the Matter of Samantha Curran and James Curran, Jr.</u>, the court on September 1, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The respondent, James Curran, Jr., appeals a final decree issued by the Circuit Court (<u>Forrest</u>, J.) in his divorce from the petitioner, Samantha Curran. On appeal, the respondent raises several arguments challenging the trial court's division of marital property. Specifically, the respondent contends that the division of marital property was not equitable, and that the trial court erred by: (1) awarding the marital home, in its entirety, to the petitioner; (2) crediting the petitioner's evidence concerning the value of the marital home and the amount by which it is encumbered; and (3) allegedly not equitably dividing the parties' personal property and household furnishings. The respondent further challenges the parenting plan entered by the trial court, arguing that the court erred by awarding the petitioner sole residential responsibility for the parties' child, and by limiting his parenting time to supervised visitation and telephone contact. We affirm.

The trial court has broad discretion in fashioning a final decree of divorce. <u>In the Matter of Braunstein & Braunstein</u>, 173 N.H. 38, 46 (2020). The trial court's discretion includes decisions concerning property division and parenting rights and responsibilities. <u>Id</u>. We will not overturn the trial court's rulings on such matters absent an unsustainable exercise of discretion, reviewing the record only to determine whether it contains an objective basis to sustain the trial court's discretionary judgments. <u>Id</u>. at 47. If the trial court could reasonably have reached its findings on the evidence before it, they will stand. <u>Id</u>. We defer to the trial court's judgment in resolving conflicts in testimony, evaluating the credibility of the witnesses, and determining the weight of the evidence presented. <u>Id</u>. It is the burden of the appealing party, here the respondent, to provide a record that is sufficient to decide the issues raised on appeal, and in the absence of a transcript, we assume that the evidence was sufficient to support the trial court's findings of fact. <u>See Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250 (2004).

We first address the respondent's challenges to the trial court's division of marital property. RSA 458:16-a, II (Supp. 2022) requires the trial court to divide marital property, including marital debt, <u>see Maldini v. Maldini</u>, 168 N.H. 191, 195 (2015) (stating that "marital property" includes "marital debt" for

purposes of property division), in a manner that is equitable, see In the Matter of Sarvela & Sarvela, 154 N.H. 426, 431 (2006). The trial court is required to presume that an equal division of marital property is equitable unless it determines, after considering one or more statutory factors, that an equal division would not be equitable or appropriate. RSA 458:16-a, II; Sarvela, 154 N.H. at 430-31. The trial court need not consider all of the enumerated factors or give them equal weight, and is not required to divide the property by some mechanical formula, but in a manner it deems just based upon the evidence presented and the equities of the case. Sarvela, 154 N.H. at 431. The trial court may award a particular marital asset in its entirety to one party under the statute. In the Matter of Henry & Henry, 163 N.H. 175, 183 (2012).

In this case, the trial court awarded the marital home to the petitioner and allocated responsibility to pay all mortgage debt, taxes, insurance costs, and other associated expenses to her, finding that the property is encumbered by a mortgage, and that the petitioner, as custodial parent of the parties' minor child, needs to occupy the property for the child's benefit. See RSA 458:16-a, II(e) (trial court may consider the need of the custodial parent to occupy or own the marital residence in effecting an unequal division of property). The trial court further found that the respondent's ability to pay child support "is highly questionable, at best," observing that he testified that he believes he "is disabled" and "unable to work a regular wage job," that he had paid only $50 in child support throughout the divorce, and that he listed his self-employment income at between $0 and $400 per week. As to the petitioner's financial resources, the trial court found that her gross monthly income from two jobs is $2,962 per month, that she receives food stamps of $300 per month, and that she and the child are covered by Medicaid. See RSA 458:16-a, II(b) (trial court may consider, among other factors, the health, economic status, occupation, vocational skills, employability, amount and sources of income, and the needs and liabilities of each party). With respect to personal property, the trial court awarded one car to the petitioner, a motorcycle and any motor vehicles in his possession to the respondent, and certain household furniture, furnishings, and personal effects in the possession of either party to that party. The trial court additionally awarded certain specific items of personal property in the petitioner's possession to the respondent.

We note that the respondent has not provided a transcript of the final hearing, or copies of any of the exhibits introduced at the final hearing. Accordingly, we assume that the evidence supports the trial court's findings with respect to the valuation and division of marital property. See Bean, 151 N.H. at 250. Based on the foregoing, we cannot conclude that the trial court's valuation and division of marital property amounted to an unsustainable exercise of its discretion. Braunstein, 173 N.H. at 47. We note that, to the extent the respondent is contending that the petitioner did not comply with the property division terms of the final decree with respect to items of personal property awarded to him, this order is without prejudice to the respondent

2

seeking whatever relief may be available from the trial court with respect to enforcing such terms.

We next address the respondent's challenges to the parenting plan. "When determining matters of child custody, a trial court's overriding concern is the best interest of the child." In the Matter of Miller & Todd, 161 N.H. 630, 640 (2011) (quotation omitted); see RSA 461-A:6 (Supp. 2022). Because resolution of the best interest of a child largely depends upon the firsthand assessment of the credibility of the witnesses, the trial court's findings on such matters are binding upon us if the evidence supports them. In the Matter of Kurowski & Kurowski, 161 N.H. 578, 585 (2011).

Although it is the policy of this State to "[s]upport frequent and continuing contact between each child and both parents" following a divorce, RSA 461-A:2, I(a) (2018); see Miller & Todd, 161 N.H. at 640, here, the trial court specifically found, based upon the evidence presented at the final hearing, that frequent and continuing contact between the child and the respondent was not in the child's best interest. In the absence of a transcript or copies of the exhibits submitted at the final hearing, we assume that the evidence supports this finding. Bean, 151 N.H. at 250. Upon this record, we cannot conclude that the trial court unsustainably exercised its discretion by awarding sole residential responsibility for the parties' child to the petitioner, and by limiting the respondent's parenting time to supervised visitation and telephone contact. Braunstein, 173 N.H. at 46-47.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**